UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:10-CR-100 |
| ) | (Phillips) |
| **FRANKLIN DELANO JEFFRIES, II,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

On October 22, 2010, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a Report and Recommendation ("R&R") [Doc. 31] in which he recommended to deny Defendant's Motion to Dismiss the Indictment [Doc. 22]. The parties appeared before Judge Shirley for an evidentiary hearing on September 16, 2010. On November 5, 2010, Defendant filed objections to the R&R. [Doc. 32]. On November 19, 2010, the Government filed a response. [Doc. 34].

Having reviewed the R&R [Doc. 31], the Court finds itself in agreement with Judge Shirley's analysis of the legal issues. Consequently, the R&R [Doc. 31] will be **ACCEPTED IN WHOLE**. Accordingly, for the reasons articulated by Judge Shirley in the R&R [Doc. 31], Defendant's Motion to Dismiss the Indictment [Doc. 22] is **DENIED**.[1]

---

[1] The Court notes that on November 16, 2010, the Government filed a Superseding Indictment. [Doc. 33]. The Superseding Indictment is identical to the original Indictment, except for the inclusion of the word "Facebook." The Superseding Indictment charges that "on or about July 9, 2010, in the Eastern District of Tennessee, the defendant . . . knowingly did transmit in interstate commerce a communication, namely a video of himself posted on the public internet websites YouTube and Facebook, to Knox County Chancellor Micahel W. Moyers, and the communication specifically contained a threat to injure and kill Knox County Chancellor Micahel W. Moyers, in violation of Title 18, United States Code, Section 875(c)."

**IT IS SO ORDERED.**

                                    **ENTER:**

                                        s/ Thomas W. Phillips
                                        United States District Judge

---

Although Defendant's Motion to Dismiss [Doc. 22] only pertains to the original Indictment [Doc. 2], the Court finds that the Superseding Indictment–for the same reasons articulated in Judge Shirley's R&R [Doc. 31]–would survive a motion to dismiss (assuming that such motion is based upon the same grounds).