IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 3:10-cr-100 |
| v. | ) | |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| FRANKLIN DELANO JEFFRIES, II | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION IN LIMINE TO PRECLUDE EVIDENCE
OF AFTER-THE-FACT EVENTS**

Comes the Defendant, Franklin Jeffries, by and through the undersigned counsel, and moves this Court, pursuant to Federal Rules of Evidence 402 and 403 and the due process clause of the Fifth Amendment, to limit the evidence at trial to the appropriate time period, and to exclude evidence relating to subsequent events occurring beyond July 9-10, 2010. As grounds for this motion, the Defendant avers as follows:

**Factual Background**

1. The defendant was indicted with a violation of 18 U.S.C. §875(c) on July 21, 2010. (Docket No. 2). On November 16, 2010, the Government filed a *Superseding Indictment.* (Docket No. 33). The *Superseding Indictment* reads:

    The Grand Jury charges that, on or before July 9, 2010, in the Eastern District of Tennessee, the defendant, FRANKLIN DELANO JEFFRIES II, knowingly did transmit in interstate commerce a communication, namely a video of himself posted on the public internet websites YouTube and Facebook, to Knox County Chancellor Michael W. Moyers, and the communication specifically contained a threat to injure and kill Knox County Chancellor Michael W. Moyers, in violation of Title 18, United States Code, Section 875(c).

1

2. It is anticipated that at trial the Government will contend that Jeffries violated by statute by making and broadcasting online a short musical video in which he discusses his ongoing custody case and allegedly makes threats to the judge presiding in that case, uploading that video to the website YouTube, and linking to that video from the website Facebook.

3. It is anticipated that the Government will argue that Jeffries uploaded the video to YouTube on July 9, 2010. The video was taken down from the website shortly thereafter.

4. It is anticipated that the Government will try to introduce evidence that, at some point after the video had already been taken down, the video was passed through various hands and eventually displayed to Chancellor Michael Moyers, the purported victim.

**Legal Standard**

6. The Sixth Circuit has made it clear that, in evaluating a charge under §875(c), the jury is to apply an objective, reasonable-person test. It has explained:

> Accordingly, to achieve the intent of Congress, we hold that, to constitute "a communication containing a threat" under Section 875(c), a communication must be such that a reasonable person (1) would take the statement as a serious expression of an intention to inflict bodily harm (the mens rea), and (2) would perceive such expression as being communicated to effect some change or achieve some goal through intimidation (the actus reus).

*United States v. Alkhabaz*, 104 F.3d 1492, 1495 (6th Cir. 1997). The Court explained in *United States v. DeAndino*, 958 F.2d 146 (6th Cir. 1992), "whether the communication is a 'true threat', and hence criminal, would not be determined by probing [the defendant's] subjective purpose, but instead would be determined

2

objectively from all the surrounding facts and circumstances."

**Argument**

7. The issue in this case is whether Jeffries' actions in transmitting the video, based on its content and considered in its proper context, constituted a violation of §875(c) as charged in the *Superseding Indictment*. The jury will be asked to assess, using a reasonable person test, whether the statement constitutes a "true threat."

8. Whether or not the statement was actually perceived by Chancellor Moyers as a threat is wholly immaterial to this analysis. Indeed, it is immaterial whether Chancellor Moyers ever even viewed the video. As has been argued by both sides in pre-trial proceedings, the crime either was committed, or was not committed, when the video was broadcast. Any actions occurring after that video was no longer being broadcast could not turn innocent activity into a crime, nor could it render criminal activity innocent.

9. Evidence that does not address this issue is therefore immaterial and irrelevant. Further, in the context of this case, allowing the Government to produce evidence that Chancellor Moyers, or others who viewed the video after the fact, believed it to be threatening would be unfairly prejudicial and would invade the province of the jury. It is not what Chancellor Moyers believed, but rather what a reasonable person as determined by the jury would believe, that is determinative.

**Conclusion**

10. The Court should prohibit the Government from introduce irrelevant evidence dealing with events that occurred after the time period on July 9-10 when the video

3

was allegedly being broadcast.

Respectfully submitted this 3rd day of January 2011.

                                                        *s/ Ralph E. Harwell*
Ralph E. Harwell, B.P.R. #001501
Jonathan Harwell, B.P.R. #022834
HARWELL AND HARWELL, P.C.
2131 First Tennessee Plaza
Knoxville, Tennessee 37929
Telephone: (865) 637-8900
Email: advocate@harwellandharwell.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 3, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                        *s/Ralph E. Harwell*
Ralph E. Harwell