IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-100 |
| | ) | |
| FRANKLIN DELANO JEFFRIES, II, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's Motion for Leave to File Motion for Bill of Particulars [Doc. 75], filed on January 31, 2011, and referred [Doc. 76] to the undersigned on February 1, 2011. The motions asks that the Defendant be allowed to file a Motion for a Bill of Particulars well after the expiration of the motion deadline in this case because it was both impossible and inappropriate for the Defendant to file the motion prior to his receipt of additional discovery from the Government on January 6, 2011. The substantive motion asks that the Court order the Government to particularize which of twenty-nine Facebook messages, which it attributes to the Defendant, is the one that the Government alleges is a part of the chain of events leading to the communication of the alleged threat to Chancellor Moyers. The Government opposes [Doc. 77] both the Court's acceptance of the late motion and the provision of a bill of particulars as requested by the Defendant. The Court first examines whether to permit the filing of the motion out of time and second whether the requested bill of particulars is warranted under these circumstances.

1

## I. LATE FILING OF THE MOTION

The Defendant asks to file a Motion for a Bill of Particulars after the expiration of the motion deadline, arguing that he could not have filed it before the Government provided the discovery to which it relates on January 6, 2011. The Government responds that the Defendant has not shown good cause for the belated filing of the motion. At the Defendant's arraignment on August 13, 2011, the Court set an August 30, 2010 motion-filing deadline. On November 16, 2010, the Government brought a Superseding Indictment [Doc. 33], which added Facebook as a second website to which the Defendant is alleged to have posted a threatening video. At the December 6, 2010 arraignment on the Superseding Indictment, the Defendant did not ask to file any motions relating to the addition of the Facebook website to the charge.[1] The Government argues that the Defendant has been aware of the significance of Facebook to this case at least since the Superseding Indictment and as early as the September 1, 2010 detention hearing, when the Defendant's sister testified that she first saw the Defendant's video when it was linked to her Facebook account. The Defendant replies that his motion is not predicated on the significance of Facebook to the case but arises in response to the twenty-nine Facebook messages that the Government provided in discovery on January 6, 2010.

Motions challenging a defect in the indictment must be raised before trial. Fed. R. Crim. P. 12(b)(3)(B). Rule 12 of the Federal Rules of Criminal Procedure gives the Court the

---

[1]At that hearing, defense counsel expressly noted that the Defendant did not want to waive any issues that he had raised under the previous Indictment. The undersigned observed that the filing of a second motion to dismiss the indictment did not appear to be necessary, given that the Report and Recommendation on the initial motion to dismiss had considered the possibility that links to the Defendant's video were posted on Facebook by the Defendant or someone else.

authority to set a deadline for filing pretrial motions. "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed. R. Crim. P. 12(e). The Court may grant relief from such a waiver for good cause shown. Fed. R. Crim. P. 12(e).

In the instant case, the Defendant seeks to bring a motion for a bill of particulars relating to discovery received on January 6, 2011. Although the Defendant perhaps could have moved the Court generally to order the Government to provide a bill of particulars stating how Chancellor Moyers learned of the Defendant's video, he could not have brought a motion relating to the twenty-nine Facebook messages until they were disclosed to him.[2] The Government does not dispute that the Facebook messages were disclosed on January 6, 2011. Accordingly, based upon the Defendant's recent receipt of the Facebook messages, the Court finds that the Defendant has shown good cause for the late-filing of his proposed Motion for a Bill of Particulars. The Defendant's Motion for Leave to File Motion for Bill of Particulars [**Doc. 75**] is **GRANTED**, and the Clerk of Court is **DIRECTED** to file the attached Motion for Bill of Particulars [Doc. 75-1] in the record.

## II. BILL OF PARTICULARS

The Defendant is charged with transmitting a threat in interstate commerce, as follows:

---

[2] Apparently, the twenty-nine Facebook messages in question were sent from the Defendant's Facebook account and, thus, arguably, they were known to the Defendant. However, in this case, defense counsel have recently disclosed their inability to access the Defendant's Facebook account in a Motion for Temporary Release [Docs. 54 and 60].

> The Grand Jury charges that, on or before July 9, 2010, in the Eastern District of Tennessee, the defendant, FRANKLIN DELANO JEFFRIES II, knowingly did transmit in interstate commerce a communication, namely a video of himself posted on the public internet websites YouTube and Facebook, to Knox County Chancellor Michael W. Moyers, and the communication specifically contained a threat to injure and kill Knox County Chancellor Michael W. Moyers in violation of Title 18, United States Code, Section 875(c).

[Doc. 33] As discussed above, on January 6, 2010, the Defendant received a list of twenty-nine Facebook messages, attributed to him, that link to the video that forms the basis for the charge. The Defendant believes that the Government will allege that one of these twenty-nine messages precipitated the chain of events that ultimately resulted in Chancellor Moyers learning of the Defendant's video. He contends that the other messages that are not within the chain of events that communicated the existence of the video to Chancellor Moyers are irrelevant. He argues that requiring him to investigate all of these messages to learn which one the Government will claim constituted the alleged crime would be unfair and unnecessary. He asserts that justice requires that the Government provide a bill of particulars identifying which of the twenty-nine Facebook messages constitutes part of the alleged crime.

The Government responds that the Defendant's reason for requesting a bill of particulars (to avoid unnecessary investigation of the Facebook messages) is not a proper basis for requiring a bill of particulars. It contends that the Defendant is well aware of the nature of the charge against him and that, instead, he seeks to discover the legal theory that the Government will pursue at trial. The Defendant replies [Doc. 78] that a bill of particulars specifying the message or messages on which the Government will rely is appropriate because it will allow him to prepare for trial, to avoid surprise at trial, and to bar a future prosecution for this same offence.

4

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landam, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)); Landam, 251 F.3d at 1079.

Federal Rule of Criminal Procedure 7(f) states that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir.

1993).  The granting of a bill of particulars is within the court's discretion.  See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion).  The level of detail in the indictment can be a basis for denying the motion for a bill of particulars.  Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources."  United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other gnds by stat., United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

In the present case, the Court finds that the Superseding Indictment adequately sets forth the elements of the offense and along with those facts necessary to inform the Defendant of the nature of the charge he faces.  With regard to the transmission of the threat, the indictment states that the Defendant "posted [the video in question] on the public internet websites YouTube and Facebook[.]"  The indictment informs the Defendant of which video, how it was disseminated, and when it was disseminated.  Thus, the indictment permits the Defendant to prepare for trial.

The Defendant argues that he may be surprised at trial, if he does not know which of the twenty-nine Facebook messages is the one the Government will use to prove the crime. The Court observes that the threatened party's actual receipt of the threat is not an element of the 18 U.S.C. § 875(c).  See United States v. Alkhabaz, 104 F.3d 1492, 1495 (6th Cir. 1997) (rejecting a requirement that the threat be communicated to the threatened person or to a third party connected to the threatened person).  Instead, whether the instant video constitutes a threat must be assessed objectively from the perspective of a reasonable person receiving the alleged threat.  Id. at 1496. Accordingly, whether any actual individual receiving one of the twenty-nine Facebook messages believed the Defendant was joking (as posed by the Defendant in his reply, Doc. 78 at 3) or not, is

not part of the inquiry. The question will be whether a reasonable person receiving the link in a Facebook message would believe it to be a threat based on "the surrounding facts and circumstances." United States v. DeAndino, 958 F.2d 146, 148 (6th Cir. 1992).

Moreover, the Government does not have to allege in the indictment all relevant evidence that it will present at trial. In the instant case, the wording of the Facebook message sent along with the link to the video is a part of the surrounding facts and circumstances from which the trier of fact will determine whether the video constitutes a threat. In his motion, the Defendant lists, as examples, three of the Facebook messages received in discovery, each containing different wording: "Look!," "Look how crazy you make me!," and "Not sure if you are part of the problems with Children. I hope you support my video?" Although the language of the Facebook messages may be relevant to the determination of whether the video constitutes a true threat, that does not mean that it is the proper subject of a bill of particulars. The present Superseding Indictment plainly and concisely states the "the essential facts constituting the offense charged," by stating that the Defendant posted the video on YouTube and Facebook. See Fed. R. Crim. P. 7(c)(1). As such, the Court finds that it complies with the Constitution and the Federal Rules of Criminal Procedure.

Finally, the Defendant argues that unless the Government is made to designate which of the twenty-nine Facebook messages is the one that ultimately led to Chancellor Moyers learning of the threat, then it will be free to reindict him and counter any double jeopardy challenge with the argument that it is prosecuting based upon a different Facebook message than it did previously. To discern whether a defendant is being prosecuted twice for the same offense, a court looks to whether the evidence used to convict the defendant in the first trial is the same evidence necessary to obtain the second conviction. Rashad v. Burt, 108 F.3d 677, 680 (6th Cir. 1997). "Stated another way,

7

successive prosecutions based on the same 'fact situation' are barred by double jeopardy if the separate charges could have been joined and no significant additional fact was required in the second prosecution." Id. (citation omitted). Here, the Court finds that the future prosecution imagined by the Defendant would likely be dismissed if it were based upon the same video disseminated on the same date/time period. The possible distinction that the Government relied on a different Facebook message as the precipitating event does not appear to be a "significant additional fact." Thus, the Court finds the suggested Double Jeopardy problem to be neither reasonably likely, nor realistic.

Accordingly, the Court finds that the information requested by the Defendant is not the proper subject of a bill of particulars. The Court also finds that the allegations stated in the Superseding Indictment are sufficient to minimize surprise, permit the Defendant to prepare his defense, and to allow him to challenge a future double jeopardy violation. The Defendant's Motion for Bill of Particulars is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge