UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| FRANKLIN DELANO JEFFRIES, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 3:10-CR-100 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Franklin Delano Jeffries, II ("Petitioner") has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, doc. 147.

### I.  BACKGROUND

In 2010, petitioner was embroiled in a bitter child custody/visitation dispute with the child's mother. Litigation was pending in the Chancery Court for Knox County which had been assigned to Chancellor Michael Moyers.

Shortly before the trial date, petitioner created a YouTube video which he linked to his Facebook page in which he made various threats of violence, including death, directed at Chancellor Moyers. After those online threats were brought to the attention of the United States Attorney, petitioner was indicted by a federal grand jury for violating 18 U.S.C. §

875(c), transmitting in interstate commerce a threat to injure a person, *viz.*, Chancellor Moyers.[1]

During the trial, petitioner attempted to introduce evidence that he was only "blowing off steam," so to speak, and that he never *intended* to threaten the chancellor. He also asked that the court instruct the jury, in determining whether petitioner conveyed a "true threat," that it should first determine petitioner's subjective intent and that his utterances could not be a true threat if he did not seriously intend to inflict bodily harm or did not make the communication with the subjective intent to effect some change or achieve some goal through intimidation.[2] His efforts were rebuffed by this court because the law in the circuit at that time was that a violation of 18 U.S.C. §875(c) was complete if a reasonable person would perceive the utterances as a serious expression of intent to inflict bodily harm in order to effect some change or achieve some goal through intimidation, and that the defendant's subjective intent was irrelevant. *United States v. DeAndino*, 958 F.2d. 146, 148 (6th Cir. 1992); *United States v. Alkhabaz*, 104 F.3d. 1492, 1495 (6th Cir. 1997).

Petitioner was convicted and sentenced to eighteen months' imprisonment to be followed by three years of supervised release.[3] Petitioner appealed his conviction to the Sixth Circuit Court of Appeals, arguing that his subjective intent should be an element of a violation of §875(c) and, since it was not proven, his conviction should be overturned. In an opinion written by Judge Sutton and filed on August 28, 2012, the Sixth Circuit held

---

[1]Superseding indictment, doc. 33.
[2]Doc. 87, Instruction #6.
[3]Judgment, doc. 118.

that petitioner's utterances were objectively threatening, and under the authority of *DeAndino* and *Alkhabaz*, *supra*, his subjective intent in making those threats was irrelevant. His conviction accordingly was affirmed.[4] However, Judge Sutton appended a *dubitante* opinion in which he expressed serious doubt that *DeAndino, Alkhabaz* and similar cases from most other circuits, all holding that a defendant's subjective intent is irrelevant in determining whether a violation of §875(c) has occurred, were correctly decided.[5]

Petitioner's application to the Supreme Court for the Writ of Certiorari was denied on October 9, 2013.[6]

## II.  PETITIONER'S MOTION, Doc. 147

On March 5, 2015, petitioner filed his § 2255 motion, asserting that since his conviction and affirmance thereof, the Supreme Court had granted *certiorari* in *United States v. Elonis*, 730 F.3d.321 (3rd Cir. 2013), a case in which the defendant had unsuccessfully argued before the Third Circuit that a conviction under § 875(c) required proof of his subjective intent in making the threat for which he was charged. Petitioner moved that his motion be held in abeyance until the Supreme Court decided *Elonis*, which this court granted.[7] At that time, petitioner was on supervised release.

---

[4]Opinion, doc. 140.
[5]*Id.*
[6]Doc. 146.
[7]Docs. 148, 151.

3

On June 1, 2015, the Supreme Court issued its opinion in *Elonis* which reversed the Third Circuit, holding that a conviction under 875(c) required proof of the defendant's intent to transmit a true threat:

> In light of the foregoing, Elonis's conviction cannot stand. The jury was instructed that the Government need prove only that a reasonable person would regard Elonis's communications as threats, and that was error. Federal criminal liability generally does not turn solely on the results of an act without considering the defendant's mental state. That understanding "took deep and early root in American soil" and Congress left it intact here: Under Section 875(c), "wrongdoing must be conscious to be criminal." *Morissette*, 342 U.S., at 252, 72 S. Ct. 240.
>
> There is no dispute that the mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat. See Tr. of Oral Arg. 25, 56. In response to a question at oral argument, Elonis stated that a finding of recklessness would not be sufficient. See id., at 8–9. Neither Elonis nor the Government has briefed or argued that point, and we accordingly decline to address it. See Department of Treasury, IRS v. FLRA, 494 U.S. 922, 933, 110 S. Ct. 1623, 108 L. Ed.2d 914 (1990) (this Court is "poorly situated" to address an argument the Court of Appeals did not consider, the parties did not brief, and counsel addressed in "only the most cursory fashion at oral argument"). Given our disposition, it is not necessary to consider any First Amendment issues.

*Elonis v. United States*, 135 S. Ct. 2001, 2012 (2015).

After *Elonis* was issued, petitioner filed his brief in support of his § 2255 motion. The gist of petitioner's motion is simple: *Elonis* holds that § 875 implicitly requires proof of the defendant's subjective intent to convey a threat, whereas he was convicted solely on the basis of how his communications would have been perceived by a reasonable person. Stated another way, he argues that his subjective intent was undeniably relevant in determining whether he violated the statute and, since there was no proof of his intent and the jury was instructed that his intent was irrelevant, his conviction cannot stand.

## III. GOVERNMENT'S RESPONSE, Doc. 162

The government responds that petitioner has procedurally defaulted his claim by failing to raise it on direct appeal. Its argument in support of that response is strained, to put it charitably. It says that the Supreme Court in *Elonis* held *that as a matter of statutory interpretation* a defendant's subjective intent is an element of an § 875 violation, whereas the petitioner argued before the Sixth Circuit that it is the First Amendment which requires proof of subjective intent to support a conviction under § 875. In other words, the government suggests that although petitioner argued before the Sixth Circuit Court of Appeals that his subjective intent should have been proven, he utilized the wrong approach in support of his argument, and thus his claim is procedurally defaulted.

## IV. ANALYSIS

It is clear that if petitioner today made the threats he made in 2010 and then was charged with a violation of § 875(c), the government would be required to prove beyond a reasonable doubt that he *intended* to convey a "true" threat, and this court would be obliged to instruct the jury accordingly. The question which now must be answered is the effect *Elonis* has on petitioner's pre-*Elonis* conviction.

A new decision of the Supreme Court usually is not retroactive unless that new decision "provides a criminal rule of procedure that is of 'watershed' importance *or is a substantive change in the law that imposes a new burden on the states or the federal*

*government*. *Wooten v. Cauley*, 677 F.3d. 303, 308 (6th Cir. 2012) [citing *Schriro v. Summerlin*, 542 U.S. 348, 353—58 (2004)].[8]

"[T]he general rule of statutory interpretation is that novel interpretations of substantive statutes always apply retroactively with the understanding that a statute means what it says from the date of its enactment." *Paulino v. United States*, 352 F.3d 1056, 1059 (6th Cir. 2003).

"Novel" means "new and not resembling something formerly known or used."[9] Since *Elonis* reversed long-standing precedent in eight circuits, including this one, it is appropriate to describe *Elonis* as "novel." Since § 875(c) meant from its enactment what the Supreme Court in *Elonis* said it means, it inexorably follows that *Elonis* must have retroactive effect. Likewise, since *Elonis* places a new burden on the government, *viz.,* to prove the defendant's subjective intent, it must be applied retroactively.

The next question is whether petitioner has a remedy since both his incarceration and term of supervised release have been completed. In a word, the answer is "no." The issue is not moot simply because his terms of incarceration and supervised release have been completed. As matters now stand, petitioner is a convicted felon, a status which carries with it considerable disabilities and disadvantages. That status is undeserved based on the evidence presented at his trial or, more accurately, the evidence not presented at trial.

---

[8]Emphasis supplied.
[9]Merriam-Webster Dictionary.

Nor is his motion barred because he filed it more than one year after his conviction became final; 28 U.S.C. § 2855(f)(3) provides that the one-year limitation period for filing a motion to vacate begins to run on the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized Supreme Court and made retroactively applicable to cases on collateral review." *Elonis* was decided on June 1, 2015; petitioner's motion was filed on March 15, 2015 in anticipation of the outcome of *Elonis*. As already discussed, *Elonis* has retroactive effect, and it is beyond argument that the right expressed in *Elonis* was newly recognized. Petitioner's motion was timely.

The government's argument that petitioner has defaulted his claim because his argument to the Sixth Circuit was premised on the First Amendment is splitting a hair down to the sub-atomic level. The fact remains that petitioner argued to the Sixth Circuit that proof of his subject intent was necessary to a finding that he transmitted a true threat.

Moreover, based on (1) the exclusion at trial of any evidence of petitioner's intent; (2) this court's instructions to the jury that his intent was irrelevant; and (3) the retroactivity of *Elonis*, petitioner is, *for the time being*, actually innocent of violating § 875. He cannot be guilty of a crime when only half of the evidence necessary to a conviction was put before the jury. Therefore, even if petitioner procedurally defaulted his claim under *Elonis*, his actual innocence excuses that default. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Although petitioner's conviction must be vacated, it does not follow that the indictment must be dismissed. The government, because of the precedent in this circuit, did not attempt to present evidence of petitioner's *scienter*. Such evidence at that time

7

would have been unnecessary, irrelevant, and inadmissible. As petitioner is now entitled to have the United States prove his subjective intent in making the threats he did, so also is the United States entitled to present evidence of that intent. Accordingly, a new trial shall be ordered in this case.

V. **CONCLUSION**

Petitioner's motion to vacate his conviction, doc. 147, is GRANTED. The Clerk is directed to restore this case to the court's active docket for a new trial. A judgment in accordance with this Memorandum and Order will be filed.

SO ORDERED:

     s/ Thomas W. Phillips
     SENIOR UNITED STATES DISTRICT JUDGE